**COLLINS COMPANY, LTD.,
Plaintiff–Appellant,**

v.

**CARBOLINE COMPANY, Pureco Systems, Inc., d/b/a Flexible Roof Contractors, and David G. Dearlove, Defendants–Appellees.**

**No. 87–1563.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 10, 1987.

Decided Jan. 4, 1989.*

James A. Clark, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff-appellant.

Robert J. Kopaka, Landau, Omhana & Kopka, Ltd., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.

CUMMINGS, Circuit Judge.

This diversity action arose out of losses sustained by plaintiff Collins Company, Ltd., in 1985 when leaks developed in its warehouse roof manufactured, installed, supplied, and inspected by defendants. These leaks spread throughout the warehouse, causing Collins to expend both time and money in making repairs as well as to suffer delays in its use of the warehouse as a showroom. In Count I of its complaint,

---

* Our first opinion in this case was issued on January 11, 1988, and is reported in 837 F.2d 299.

the sole Count before us, Collins seeks to recover $500,000 damages on a breach of warranty for both economic loss and consequential damage. For purposes of this appeal Collins and Carboline are the only two relevant parties.

The Chicago Title and Trust Company and Wachovia Bank and Trust Company owned this warehouse in March 1981 when they arranged for the installation of an Ethylene Propylene Diene Monomer roofing system manufactured by Carboline. Carboline issued an express warranty to the owners against leakage for ten years.

In the spring of 1984, Chicago Title and Wachovia agreed to sell the warehouse to Collins. Approximately one year thereafter leaks developed in the roofing system and then spread through the warehouse and showroom portions of the premises. In February 1986 Chicago Title and Wachovia assigned Collins their rights under the Carboline warranty and in turn received a covenant not to sue from Collins. On March 6, 1986, Collins brought this suit against Carboline to recover damages allegedly due under the warranty.

The district court entered final judgment against Collins on the ground that under Illinois law privity of contract is required to enforce an express warranty and, since no privity existed between Carboline and Collins, Collins could not recover under the warranty.

In January 1988 we declined to dispose of this case in the absence of an applicable opinion from the Supreme Court of Illinois. 837 F.2d 299. At the same time, we certified the following question to that tribunal:

> In the absence of original contractual privity, does an express warranty extend to an assignee's right to sue for purely economic loss and consequential damages?

On December 15, 1988, the Illinois Supreme Court handed down its opinion holding that because the assignee of an express warranty acquires privity with the warrantor by virtue of a valid assignment, an express warranty therefore does "extend to an assignee's right to sue for purely economic loss and consequential damages." 125 Ill.2d 498, 519, 127 Ill.Dec. 5, 532 N.E.2d 834.

In view of that response, it is clear that Carboline's warranty extended to Collins. Therefore the judgment of the district court granting Carboline's motion for judgment on the pleadings is reversed and the cause is remanded to the district court for continued discovery and trial.**

---

** At least in this Court, Carboline has not relied on any of the four exceptions to the rule in Section 2–210(2) of the Uniform Commercial Code (Ill.Rev.Stats. (1987) ch. 26 § 2–210(2)) that ordinarily "all rights of either seller or buyer can be assigned * * *." The district court may consider this matter if it has not already been waived. The question was discussed but left open in the Illinois Supreme Court's opinion (at 512–513, 517–518, 127 Ill.Dec. 5, 532 N.E.2d 834).